J-S70039-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN CAIATI, | : | |
| | : | |
| Appellant | : | No. 1321 EDA 2014 |

Appeal from the PCRA Order Entered April 14, 2014,
In the Court of Common Pleas of Wayne County,
Criminal Division, at No(s): CP-64-CR-0000063-2012

BEFORE:  LAZARUS, MUNDY, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　　**FILED DECEMBER 01, 2014**

Steven Caiati (Appellant) appeals *pro se* from the order entered April 14, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  After careful review, we vacate the order of the PCRA court and remand for further proceedings.

Appellant was arrested and charged with various offenses stemming from an incident in which he threw homemade explosive devices at his ex-girlfriend's home and vehicle, endangering her and four other individuals present in her home at the time of the assault.  On April 5, 2012, Appellant pled guilty to three counts of arson, 18 Pa.C.S. § 3301(a)(1)(i).  Pursuant to Appellant's plea agreement, all additional charges were *nolle prossed* by the Commonwealth.  On June 28, 2012, Appellant was sentenced to an

---

[1] 42 Pa.C.S. §§ 9541-9546.

[*] Retired Senior Judge assigned to the Superior Court.

aggregate term of 84 to 168 months' incarceration. No direct appeal was filed. On June 21, 2013, Appellant timely filed a *pro se* PCRA petition alleging, *inter alia*, plea counsel's ineffectiveness for failing to file a direct appeal on Appellant's behalf. Brendan R. Ellis, Esquire, was appointed to represent Appellant.

On August 26, 2013, Attorney Ellis filed a motion to withdraw as counsel and no-merit letter with the PCRA court, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In the ***Turner/Finley*** letter, counsel concluded that Appellant's ineffective assistance of counsel claims lacked merit, based in large part upon discussions with Appellant's plea counsel.

On September 3, 2013, Appellant filed a *pro se* motion requesting that the PCRA court dismiss Attorney Ellis as his PCRA counsel alleging that his attempts at contacting Attorney Ellis had been unsuccessful. Appellant requested that new counsel be appointed to represent him.

On September 16, 2013, the PCRA court granted appointed counsel's request to withdraw and issued notice, pursuant to Rule of Criminal Procedure 907, of its intention to dismiss Appellant's PCRA petition without holding a hearing. The court's notice advised Appellant that he had 20 days to respond. On October 3, 2013, the PCRA court denied Appellant's *pro se* motion for new counsel.

On April 9, 2014, well outside of the 20-day timeframe, Appellant filed a "re-amended" PCRA petition raising various allegations of PCRA counsel ineffectiveness. By order dated April 14, 2014, the PCRA court dismissed Appellant's PCRA petition without a hearing. This appeal followed. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant complied with this directive.

Appellant raises five issues for this Court's review.

1. Did [the PCRA c]ourt err when it determined [Attorney Ellis] properly investigated [Appellant's] claims?

2. Did [the PCRA c]ourt err in determining [that pre-trial and guilty plea] counsel were NOT ineffective without giving [Appellant] an evidentiary hearing to prove the facts?

3. Did [the PCRA c]ourt err in dismissing [Appellant's amended PCRA petition] citing a time bar[] when [Appellant] was still represented by [Attorney Ellis] as per the [October 3, 2013] docket entry[?]

4. Did [the PCRA c]ourt err in dismissing [Appellant's amended PCRA petition] in not filing a [Pa.R.Crim.P.] 907 [notice of] intent to dismiss[?]

5. Did [the PCRA c]ourt err in determining [Appellant] did not take "layman" proactive steps in compelling [Attorney Ellis] to proceed with [his] appeal?

Appellant's Brief at 4 (renumbered for ease of disposition; some capitalization omitted).

We begin by noting that Appellant's issues on appeal were preserved in his 1925(b) statement. However, because Appellant failed to challenge

Attorney Ellis' stewardship by timely filing a response to counsel's *Turner/Finley* letter or to the PCRA court's 907 notice, his first issue, relating to Attorney Ellis' effectiveness, is waived. *Commonwealth v. Pitts*, 981 A.2d 875, 879 n.3 (Pa. 2009) (holding that failure to challenge PCRA counsel's withdrawal or effectiveness upon his receipt of counsel's no merit letter or within the 20-day period prescribed by Rule 907 results in waiver of those issues on appeal).

Appellant's second claim is that the PCRA court erred in denying his petition without a hearing. "A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact." *Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012). "A PCRA court has discretion to dismiss a petition if it is satisfied there are no genuine issues concerning any material fact or any other legitimate purposes for an evidentiary hearing." *Commonwealth v. Fears*, 86 A.3d 795, 823 (Pa. 2014). Thus, whether Appellant was entitled to a hearing depends upon whether he raised a genuine issue of material fact.

In his PCRA petition, Appellant argues that his plea counsel was ineffective for failing to file a direct appeal when requested. He reiterates this claim in his second issue on appeal. "Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right." *Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999).

> It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights. Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights. Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal.

*Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011) (citations omitted), *appeal denied*, 40 A.3d 1235 (Pa. 2012). "The petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request." *Commonwealth v. Maynard*, 900 A.2d 395, 398 (Pa. Super. 2006).

In his *Turner/Finley* letter, Attorney Ellis stated that Appellant's plea counsel denied being asked to file an appeal; thus, he opined that it was "unlikely that [Appellant] could prove, by a preponderance of the evidence, that he requested [plea counsel] file an appeal." No-merit Letter, 8/26/2013, at 3-4 (unnumbered). In his *pro se* motion for new counsel, Appellant contends that he was unable to discuss this issue with Attorney Ellis in detail. The PCRA court's opinion accompanying its Rule 907 notice failed to address this issue at all, concluding that, because Appellant entered into a guilty plea and waived his right to a trial, there was nothing remaining for plea counsel to "fight." Pa.R.Crim.P. 907 Notice, 9/16/2013, at 5-6.

Clearly, a factual finding that Appellant asked counsel to file a direct appeal would entitle Appellant to relief, even absent a showing of prejudice. *Lantzy*, 736 A.2d at 571 ("[A] failure to file or perfect such [a direct] appeal results in a denial so fundamental as to constitute prejudice *per se*."). However, Appellant was not given the opportunity of a hearing to prove that he asked plea counsel to file an appeal.

Therefore, we hold that the PCRA court erred in dismissing Appellant's PCRA petition without holding a hearing to determine whether Appellant asked plea counsel to file a direct appeal; or, whether Appellant displayed signs of desiring an appeal, whether counsel had a duty to consult with Appellant about an appeal, and whether counsel did so consult. Accordingly, we remand for a hearing, limited to these issues.[2] *See* Pa.R.Crim.P. 908 (A)(2) (Except as provided in Rule 907, the judge shall order a hearing…(2) when the petition for post-conviction relief…raises material issues of fact.) Further, Appellant is entitled to the appointment of counsel to represent him at the hearing. *See* Pa.R.Crim.P. 908 (C) ("The judge shall permit the defendant to appear in person at the [PCRA] hearing and shall provide the defendant an opportunity to have counsel.")

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[2] In light of our disposition, we need not address the remainder of Appellant's issues on appeal.

Judge Lazarus joins the memorandum.

Judge Mundy notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2014