J-S68044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STORM CLOUD BEER, | : | |
| | : | |
| Appellant | : | No. 661 WDA 2016 |

Appeal from the PCRA Order April 14, 2016
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000011-2007

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STORM CLOUD BEER, | : | |
| | : | |
| Appellant | : | No. 662 WDA 2016 |

Appeal from the PCRA Order April 14, 2016
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000498-2006

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STORM CLOUD BEER, | : | |
| | : | |
| Appellant | : | No. 663 WDA 2016 |

Appeal from the PCRA Order April 14, 2016
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000494-2006

J-S68044-16

BEFORE:    SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 16, 2016**

Storm Cloud Beer (Appellant) appeals from the order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9451-9456.[1]  For the reasons discussed below, we reverse and remand for reinstatement of Appellant's direct appeal rights *nunc pro tunc*.

On April 19, 2013, at docket number CP-33-CR-0000606-2012 (docket number 606-2012), a jury found Appellant guilty of persons not to possess a firearm.  That act of possession formed the basis for the allegation that Appellant was in violation of his probation at docket numbers CP-33-CR-0000011-2007 (docket number 11-2007), CP-33-CR-0000498-2006 (docket number 498-2006), and CP-33-CR-0000494-2006 (docket number 494-2006).  Taking judicial notice of the subsequent conviction at docket number 606-2012, the court found Appellant to be in violation of the terms and conditions of his probation and resentenced Appellant to the following terms of confinement on May 3, 2013:  six months to two years at docket number 11-2007, two to seven years at docket number 498-2006, and three to ten years at 494-2006.  Each of these terms of confinement was to be served consecutive to the other and to his sentence imposed at docket number 606-2012.  Notably, Appellant was sentenced on the probation violations and the

---

[*]Retired Senior Judge assigned to the Superior Court.

[1] On May 25, 2016, this Court *sua sponte* consolidated Appellant's appeals.

- 2 -

conviction forming the basis for those violations on the same day, and he was represented by Robbie Taylor, Esq., during the sentencing proceedings.[2]

Appellant did not file post-sentence motions or a direct appeal. On April 16, 2014, Appellant *pro se* filed timely a PCRA petition challenging his sentence on various grounds and alleging that, *inter alia*, his counsel was ineffective for failing to request reconsideration of his sentence and file a direct appeal. PCRA Petition, 4/16/2014, at 3; Memorandum of Law, 4/16/2014, at 2. Counsel was appointed and amendments to the *pro se* petition were filed. A hearing was held on April 7, 2016, after which the PCRA court denied Appellant's petition. This appeal followed.

On appeal, Appellant argues that the PCRA court erred in concluding that his counsel was not ineffective for failing to file requested motions for modification and direct appeals from the probation revocation sentences imposed May 3, 2013.[3]

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

---

[2] Attorney Taylor also represented Appellant at the trial for his persons-not-to-possess-a-firearm conviction.

[3] The Commonwealth has not filed a brief in this matter.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations and quotation marks omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012). Moreover, "[i]t is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

Appellant's claims are based upon the alleged ineffective assistance of his counsel. With respect to such claims generally,

> [i]t is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

Regarding an ineffectiveness claim based on counsel's failure to file a direct appeal, we observe that "Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right." *Commonwealth v.*

*Lantzy*, 736 A.2d 564, 571 (Pa. 1999). "It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights." *Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011). "[I]n such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." *Lantzy*, 736 A.2d at 572. Moreover, "[t]he petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request." *Commonwealth v. Maynard*, 900 A.2d 395, 398 (Pa. Super. 2006).

In rejecting Appellant's claims, the PCRA court explained as follows.

> After sentencing, Taylor met with his client at the jail one final time to discuss an appeal. In his opinion, the record did not support a legitimate abuse of discretion argument. He thus did not broach the matter with [Appellant]. Nor did he remember [Appellant] asking him to file a motion for reconsideration or appeal the probation sentence, though he could not rule out that possibility. …
>
> [**Appellant**] **remembered also asking Taylor to appeal his revocation sentence, though, and the** [**c**]**ourt finds his testimony to be credible in that regard**. As the record reflects, [Appellant] appealed a prior revocation sentence that entailed a sentence of 2 ½ - 5 years in a state correctional institution, and it is more likely than not that he would have wanted to do likewise when [*sic*] the minimum 5 ½ to 19 years instead. It is also credible that Taylor expressed the belief that appealing the sentence would not do any good, though the record does not disclose whether he explained the basis for that belief or how [Appellant] responded, if at all. The [c]ourt does

not believe, however, that Taylor agreed to appeal the sentence and then reneged without further word to his client.

\*\*\*

When it came time for the appeal, … Taylor reasonably decided against pursuing a sentencing claim. It was clear from his PCRA testimony that he had considered and rejected the notion of challenging the [c]ourt's exercise of its sentencing discretion, which was, he recognized, the only available sentencing claim. An experienced criminal defense attorney who had defended many probation violators, though, he assessed that claim as meritless from the outset, and "[i]t is well-settled that counsel may not be deemed ineffective for failing to raise a meritless claim." Taylor did not abandon his client for purposes of appeal, however. Rather, he determined that the issue he did raise [in the appeal at docket number 606-2012] was the one most likely to benefit his client, and that was the issue he pursued. Whatever conversation he and [Appellant] may have had with respect to appealing the probation sentence, therefore, Taylor was not ineffective for failing to do so.

PCRA Court Opinion, 4/14/2016, at 3-6 (citation omitted) (emphasis added).

The PCRA court credited Appellant's testimony that he requested counsel to file a direct appeal from the sentences imposed in his revocation cases. That determination is supported by the record. N.T., 4/7/2016, at 8-9, 17, 22. As the record also reveals, no appeal was ever filed on Appellant's behalf. Under these circumstances, Appellant's counsel was *per se* ineffective in failing to file a requested direct appeal.[4] ***Lantzy***, 736 A.2d

---

[4] With respect to the PCRA court's finding that counsel did not file an appeal in the revocation cases based upon his belief that a challenge to the exercise of the court's sentencing discretion was the only available sentencing claim and that such a claim was meritless, the fact remains that Appellant asked counsel to file a direct appeal on his behalf in the revocation cases and counsel failed to do so. We observe that it is not proper for counsel to

at 572.  As such, he is entitled to reinstatement of his direct appeal rights *nunc pro tunc*.

Turning to counsel's failure to file post-sentence motions, we observe that Appellant's argument on appeal is dedicated to the claim that counsel was ineffective for failing to file a direct appeal **and** post-sentence motions because the PCRA court found Appellant credible that he requested a direct appeal from his revocation sentences and none was filed.  However, counsel is not ineffective *per se* when he or she fails to file post-sentence motions.  Rather, to obtain relief based upon counsel's failure to file post-sentence motions, a defendant must meet the traditional three-pronged test for establishing ineffective assistance of counsel. **Commonwealth v. Reaves**, 923 A.2d 1119, 1127-32 (Pa. 2007).

Further, our Supreme Court has held that where the court reinstates direct appeal rights *nunc pro tunc,* an appellant is not automatically entitled to reinstatement of his or her post-sentence motion rights *nunc pro tunc* as well.  **See Commonwealth v. Liston**, 977 A.2d 1089, 1093-94 (Pa. 2009). The **Liston** Court further observed that

> [its] holding should not be construed as prohibiting a PCRA court from reinstating a defendant's right to file post-sentence motions

---

foreclose his client's right to appeal by unilaterally deciding not to file one when it has been requested.  Rather, under such circumstances, it is counsel's responsibility to file the appeal and follow the proper procedures for withdrawal.  **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> *nunc pro tunc*. If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief. Presumably, since post-sentence motions are optional, *see* Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review.

*Id.* at 1094 n.9.

Instantly, Appellant's argument is devoid of any mention, let alone analysis, of the underlying sentencing claims Appellant would have raised in his post-sentence motions had they been filed, nor does it include any discussion of the reasonable-basis and prejudice prongs of the test in relation to those claims. As such, his claim that his counsel was ineffective for failing to file post-sentence motions is undeveloped and thus lacks merit. *See Commonwealth v. Bracey*, 795 A.2d 935, 940 (Pa. 2001) ("[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief."). Accordingly, he is not entitled to reinstatement of his right to file post-sentence motions *nunc pro tunc*.

Based on the foregoing, we conclude that the PCRA court erred in determining that Appellant's counsel was not ineffective for failing to file a requested direct appeal on Appellant's behalf. Thus, we reverse the PCRA

court's order and remand for reinstatement of Appellant's right to file a direct appeal *nunc pro tunc*.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016