J-S61004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN C. KOVACS A/K/A STEVEN C. MCCOY | |
| Appellant | No. 1073 EDA 2017 |

Appeal from the PCRA Order March 13, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006299-2014,
CP-09-CR-0007583-2014

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 03, 2018**

Steven Kovacs (a/k/a Steven McCoy) appeals from the order, entered in the Court of Common Pleas of Bucks County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Kovacs' PCRA counsel has also filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). After careful review, we affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On March 24, 2014, Kovacs was charged with manufacture, delivery, or possession with intent to manufacture or deliver;[2] criminal attempt;[3] and criminal conspiracy.[4] On that date, officers from the Morrisville Police Department responded to Kovacs' residence to investigate allegations of methamphetamine production and to conduct a well-being check on another resident. While there, the police discovered paraphernalia associated with the manufacture of methamphetamine. The Pennsylvania State Police Clandestine Methamphetamine Laboratory Response Team processed the scene and found a bottle containing 400 grams of fluid that tested positive for methamphetamine. During the investigation, the police also recovered packages of pseudoephedrine that Kovacs and another resident had purchased the same day from different pharmacies. Because pseudoephedrine is an ingredient in the preparation of methamphetamine, Kovacs was among those individuals arrested in relation to the production of methamphetamine.

In a separate criminal information filed on September 8, 2014, Kovacs was charged with simple assault,[5] reckless endangerment of another person

_____

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 901(a).

[4] 18 Pa.C.S. § 903.

[5] 18 Pa.C.S. § 2701(a)(1).

("REAP"),[6] harassment,[7] reckless driving,[8] and careless driving.[9]   On September 7, 2014, Kovacs violated a standing no-contact order and visited the residence of Shelley Gonzales, ostensibly to recover personal property.[10] While there, Kovacs became enraged over text messages he discovered on Gonzales' phone.  A physical altercation ensued, during which Kovacs struck Gonzales with a syringe.  Gonzales' mother arrived in a car and tried to flee with Gonzales, but Kovacs leapt on the vehicle to impede Gonzales' escape. After falling off the car, Kovacs then entered his own vehicle and pursued Gonzales and her mother onto the highway.  Kovacs was arrested that day.

On April 13, 2015 Kovacs pled *nolo contendere* to simple assault, guilty to two counts each of REAP and harassment, guilty to one count each of reckless driving and careless driving, and guilty to manufacture of methamphetamine and the related inchoate offenses.[11]  The plea resulted in a sentence of three to ten years' incarceration for manufacture of methamphetamine and a total of 14 years' probation, consecutive to

---

[6] 18 Pa.C.S. § 2705.

[7] 18 Pa.C.S. § 2709(a)(1)&(2).

[8] 18 Pa.C.S. § 3736(a).

[9] 18 Pa.C.S. § 3714(a).

[10] Kovacs was previously arrested on August 8, 2014 for assaulting Gonzales.

[11] At the same hearing, Kovacs also pled guilty to tampering with public records, but Kovacs did not appeal this plea.

incarceration, for all other offenses.

During the guilty plea hearing, Kovacs refused to answer questions about his satisfaction with trial counsel, and he similarly declined to answer related questions on the written colloquy form. When questioned by the trial judge, Kovacs made clear that he took issue with some aspects of trial counsel's representation, but he nonetheless acknowledged that he was making the plea voluntarily and intelligently. N.T. Guilty Plea, 4/13/15, at 12-15. Kovacs further agreed on the record that the plea was in his best interests due to the significant downward departure in his sentence from the applicable sentencing guidelines. *Id.*

Kovacs later stated that he pled guilty while intending to withdraw the plea, seek new counsel, and proceed to trial. N.T. PCRA Hearing, 2/7/17, at 48-50. However, Kovacs did not withdraw his plea, nor did he file a timely direct appeal. Thus, his judgment of sentence became final on May 13, 2015. Kovacs filed a timely *pro se* PCRA petition on February 17, 2016. The court appointed present PCRA counsel, and Kovacs amended his petition twice, on May 18, 2016, and October 11, 2016. The PCRA court held a hearing on the merits on February 7, 2017, and dismissed Kovacs' petition on March 13, 2017. Kovacs filed this appeal on March 27, 2017. On July 10, 2017, Kovacs' PCRA counsel filed a **Turner**/**Finley** no-merit letter and a request to withdraw from representation.

We first consider whether counsel has complied with the technical requirements necessary to withdraw under *Turner*/*Finley*.

> Counsel petitioning to withdraw from PCRA representation must proceed [under *Turner*/*Finley* and] must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the [PCRA] court, or [a] brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues [that] petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007)).

Kovacs' PCRA counsel has complied with the technical requirements of *Turner* and *Finley*. Counsel filed a detailed brief that includes a synopsis of the facts, an accurate recitation of the governing legal authority, and a legal analysis which explains counsel's conclusion that Kovacs' PCRA appeal is meritless. Counsel submitted a copy of this brief to Kovacs and to this Court, along with a letter explaining Kovacs' further appellate rights.

Because PCRA counsel complied with the technical requirements of *Turner*/*Finley*, we now review the merits of the appeal. Although Kovacs did

not file a *pro se* brief in light of his PCRA counsel's intent to withdraw, we review the merits of the issues identified in his underlying 1925(b) Concise Statement of Matters Complained of on Appeal. Kovacs raises two issues, both of which allege ineffectiveness of trial counsel:

> 1. Counsel was ineffective under the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, §9 of the Pennsylvania Constitution for not advising Defendant to proceed to trial and motions to suppress evidence and statements he made due to Commonwealth violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Art. I, §§1 8 and 9.
>
> 2. Counsel was ineffective under the Sixth and Fourteenth Amendments to the United States Constitution and Art I, §9 of the Pennsylvania Constitution for not preserving the Defendant's appellate rights not consulting with him regarding an appeal, and helping him prosecute an appeal.

**See** Concise Statement of Errors Complained of on Appeal, 3/27/17 (errors in original).

To be entitled to relief for ineffective assistance of counsel, a PCRA petitioner must establish that: (1) the underlying claim has merit; (2) there was no reasonable basis for counsel's action or failure to act; and (3) but for counsel's course of conduct, there is a "reasonable probability the result of the proceeding would have been different." **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015). Counsel's conduct is effective as long as it "had some reasonable basis designed to effectuate his client's interests." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). Failure to satisfy

- 6 -

any of the three prongs is fatal to a claim of ineffective assistance of counsel. ***Commonwealth v. Pond***, 846 A.2d 669 (Pa. Super. 2004). Counsel is presumed to provide effective assistance, and it is solely the petitioner's burden to prove ineffectiveness. ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010).

Kovacs first argues that trial counsel was ineffective for advising him to plead guilty rather than proceed to trial. However, trial counsel's advice to plead guilty was reasonable, considering the severity of the potential sentence and counsel's belief in the weakness of the case. ***See, e.g.,*** N.T. PCRA Hearing, 2/7/17, at 9-10, 31 (counsel stating that Kovacs "could have gotten as much as ten to 25 on the charge of criminal conspiracy," that Kovacs' "exposure was high," and that Kovacs "clearly could have lost the manufacturing case.").

Although Kovacs alleges that his trial counsel was not prepared for trial, this bald allegation is unsupported by the record. To the contrary, trial counsel diligently investigated the facts and vigorously pursued available defenses. N.T. PCRA Hearing, 2/7/17, at 9-10, 21-27, 29-31. Further, counsel filed an omnibus pretrial motion to suppress physical evidence and statements in anticipation of trial. ***Id.*** at 6-7. Likewise, counsel's failure to introduce phone records was reasonable under the circumstances, considering that Kovacs' co-conspirator was believed to be cooperating with the Commonwealth. ***Id.*** at 9-10, 31. Counsel's advice to plead guilty, and counsel's actions leading up

to the plea, ultimately "had a reasonable basis designed to effectuate [Kovacs'] interests." **Koehler**, 36 A.3d at 132. Kovacs' first claim fails to prove ineffectiveness, and it warrants no relief.

Kovacs next alleges that his trial counsel was inadequate for failing to preserve his appellate rights. While failure to file a timely appeal is *per se* prejudicial in some circumstances, **see Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999), a PCRA petitioner "must prove that he asked counsel to file an appeal in order to be entitled to relief." **Commonwealth v. Maynard**, 900 A.2d 395 (Pa. Super. 2006). Even where a defendant does not ask his attorney to file a direct appeal, counsel may still be ineffective if counsel does not consult with the client about his appellate rights. **Commonwealth v. Markowitz**, 32 A.3d 706 (Pa. Super. 2011) (citing **Roe v. Flores-Ortega**, 528 U.S. 470 (2000)). In this case, Kovacs acknowledges that trial counsel informed him of his appellate rights, but Kovacs specifically declined to have counsel file an appeal. **See** PCRA Hearing, 2/7/17, at 51-52, 58. Kovacs' trial counsel is not ineffective for failing to pursue an appeal that he was never asked to pursue. For this reason, Kovacs' second claim of ineffectiveness warrants no relief.

Ultimately, we find no merit in Kovacs' arguments. Accordingly, we grant PCRA counsel's motion to withdraw, and we affirm the PCRA court's dismissal of Kovacs' petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2018