J-S75034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH ROGERS, | : | |
| | : | |
| Appellant | : | No. 2990 EDA 2017 |

Appeal from the PCRA Order September 7, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0312441-1998,
CP-51-CR-1009841-1997

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JANUARY 31, 2019**

Joseph Rogers ("Rogers") appeals from the September 7, 2017 Order

dismissing his first Petition for relief filed pursuant to the Post Conviction Relief

Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant underlying facts as follows:

> On October 24, 1997, [Rogers] was arrested and charged
> with possession with intent to deliver a controlled substance
> (PWID) and knowing[ly]/intentionally possessing a controlled
> substance.  On March 28, 1998, [Rogers] was again arrested and
> charged with the above crimes.  [Rogers] appeared before [the
> trial court] and pled guilty to both PWID charges on February 14,
> 2005. The Commonwealth *nolle prossed* the knowing/intentional
> possession charges.   [Rogers] was sentenced to 11½ to 23
> months[']  incarceration with 1 year of reporting probation following
> his confinement.
>
> On December 21, 2007, [Rogers] was found in technical
> violation of the [c]ourt's probation after testing positive for
> cocaine and failing to report as instructed.  He was sentenced to
> 11½ to 23 months[']  confinement with 3 years of probation to
> follow.   On April 13, 2011, [Rogers] appeared before the

> Honorable Glynnis Hill in the Court of Common Pleas of Philadelphia County. [Rogers] [pled] guilty to theft by unlawful taking and theft by deception. As a result of these [convictions], a [violation of probation ("VOP")] hearing was held on July 11, 2011. [Rogers] was found to be in direct violation and was sentenced to 5 to 10 years [of] incarceration in state prison.
>
> Defense counsel filed a [M]otion to reconsider [his sentence], which resulted in a hearing before this [c]ourt on November 21, 2011. The [c]ourt granted [Rogers's] [M]otion for reconsideration[,] and sentenced [Rogers] to 11½ to 23 months [in prison,] plus 6 years reporting probation to follow. Once released, [Rogers] again violated his probation by continuously testing positive for cocaine. He was enrolled in an outpatient treatment program[,] but stopped attending after just two months. [Rogers] told the [c]ourt that he had stopped because he was going to care for his daughter[,] who had been hospitalized after a bus accident. However, records showed that [Rogers's] daughter was treated for minor injuries and released from the hospital the same day. On November 24, 2013, a VOP hearing was held before [the trial court]. [Rogers] was found to be in technical violation of his probation and was sentenced to two consecutive terms of 2½ to 5 years confinement at SCI with RRRI eligibility at 22½ months.

PCRA Court Opinion, 12/5/17, at 1-2. Rogers did not file a motion for reconsideration of his VOP sentence or a direct appeal.

On August 15, 2014, Rogers, *pro se*, filed two PCRA Petitions, one at each case number. The PCRA court appointed Rogers counsel, who filed an Amended Petition at both case numbers. After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed the Amended Petition. Rogers filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Rogers raises the following question for our review: "Whether the [PCRA] court erred in not granting relief on the PCRA [P]etition alleging VOP [c]ounsel was ineffective[?]" Brief for Appellant at 8.

> [W]hen this Court reviews an order dismissing or denying a PCRA petition, its standard of review is whether the findings of the PCRA court are supported by the record and are free from legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. Appellant has the burden to persuade this Court that the PCRA court erred and that such error requires relief.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (citations and quotation marks omitted).

First, Rogers claims that his VOP counsel, Liam Riley, Esquire ("Attorney Riley"), was ineffective in failing to file a motion for reconsideration of sentence. *See* Brief for Appellant at 16-19. Rogers alleges that he asked Attorney Riley to file the motion and that Attorney Riley advised Rogers that he would "take care of it." *Id.* at 17. Rogers argues that Attorney Riley had no reasonable basis for failing to file the requested motion, and that he suffered prejudice because the trial court may have granted the motion. *Id.* at 18-19.

We review the failure of VOP counsel to file a motion for reconsideration of sentence under the *Strickland*/*Pierce*[1] test. *Commonwealth v. Reaves*, 923 A.2d 1119, 1129 (Pa. 2007). Under the *Strickland*/*Pierce* test,

_____

[1] *See Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

- 3 -

a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. Counsel is presumed to have rendered effective assistance. … Finally, because a PCRA petitioner must establish all the **Pierce** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

**Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015) (citations omitted).

The PCRA court, which was the same court that presided over Rogers's initial sentencing and all three of his VOP sentencings, addressed this claim as follows:

[T]he [c]ourt was exceedingly clear at the VOP sentencing hearing that [Rogers] had repeatedly violated his probation and that the court had already reconsidered and reduced his sentence once before. During his prior 2011 VOP sentencing hearing, [Rogers] vowed to get his life together and to stop abusing drugs. He averred that the [c]ourt's sentence was a reality check for him and he expressed his sincerity. As a result, his sentence was reduced from 5 to 10 years to just 11½ to 23 months. Unfortunately, just 2 years later[,] [Rogers] stood in the same exact position, having violated his probation again due to his continued cocaine usage. Clearly, his prior reduced sentence had little impact on his will to remain sober. Considering [Rogers's] repetitive violations[,] combined with the opportunities and programs previously offered by this [c]ourt, his sentence of 2½ to 5 years in state prison to run consecutive was warranted, necessary and firm.

PCRA Court Opinion, 12/5/17, at 6; **see also** N.T., 8/7/17, at 31, 32-33, 51.

Therefore, Rogers was not prejudiced by Attorney Riley's failure to file a motion for reconsideration of sentence. **See Reaves**, 923 A.2d at 1132

- 4 -

(holding that the appellee failed to prove that his counsel's failure to make a Rule 708 objection caused him actual prejudice where the PCRA judge, who was the same judge that initially sentenced appellee and imposed appellee's VOP sentence, "made clear in the PCRA proceedings that he would have imposed the same sentence" even if trial counsel had made the Rule 708 objection). Accordingly, Attorney Riley was not ineffective for failing to file the motion. **See Treiber**, **supra**.

Next, Rogers claims that Attorney Riley was ineffective for failing to file a direct appeal. **See** Brief for Appellant at 16, 19. Rogers alleges that he asked Attorney Riley to file a direct appeal and that Attorney Riley acknowledged his request. **Id.** at 17. According to Rogers, he also wrote letters to the public defender's office requesting a status update of his appeal. **Id.** at 18. Rogers argues that Attorney Riley's failure to file a direct appeal constitutes *per se* ineffectiveness. **Id.** at 19.

> [A] failure to file or perfect [a direct] appeal results in a denial so fundamental as to constitute prejudice *per se*. … Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

**Commonwealth v. Lantzy**, 736 A.2d 564, 571-72 (Pa. 1999). However, a PCRA petitioner "has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request." **Commonwealth v. Maynard**, 900 A.2d 395, 398 (Pa. Super. 2006); **see also Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa.

- 5 -

Super. 1999) (stating that "[m]ere allegation[s] will not suffice; the burden is on [the a]ppellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel.").

Here, Attorney Riley testified that Rogers did not ask him to file an appeal:

Q.   And did [Rogers] ask you to file an appeal?

A.   I don't believe so.

Q.   And after the day of resentencing[,] did [Rogers] ask you to file either a motion for reconsideration or an appeal on his behalf, if you recall?

A. I don't recall.  I would not have had personal contact with him after the day of sentencing.  If I ever received a letter I would have forwarded that to our VOP unit at the Defender's.

Q.   And to the best of your recollection, did anyone from [Rogers's] family or anyone on behalf of [Rogers] reach out to you after sentencing?

A.  No.

Q.  And what would you have done if [Rogers] had asked you at the time of resentencing to file a motion to reconsider on his behalf or an appeal?

A.  If he did it in the courtroom or within ten days afterwards[,] I would have brought the file to our VOP unit.  We didn't file our own reconsiderations on VOP cases so I would have brought it to a clerk in our VOP unit.  If he had asked for an appeal[,] I would have brought it to our appeals unit.

Q.  So in your experience working for the Public Defender's Office, was there ever an instance that you can recall where a defendant asked for reconsideration or an appeal and you failed to follow up as you described?

A.  No, not that I can remember.

Q.  And again, as best as you can recall, [Rogers] didn't ask for an appeal, is that correct?

A.  Yes, I -- with respect to an appeal[,] that's something especially on a VOP sentence that's very rare.  So[,] I would have -- if I received the request I would have gone immediately to appeals and I assure you I did not do that.

N.T., 8/7/17, at 40-42.

Rogers testified that at his VOP sentencing he asked Attorney Riley to file an appeal.  *See* N.T., 8/7/17, at 12.  He stated that sometime thereafter, he sent letters to the public defender's office, requesting the status of his appeal.  *Id.* at 12-14.

The PCRA court found Attorney Riley's testimony credible and Rogers's testimony not credible.  *See id.* at 51-52; *see also* PCRA Court Opinion, 12/5/17, at 7.  Moreover, the record does not reflect any letters from Rogers to the public defender's office or Attorney Riley requesting an appeal. Additionally, at Rogers's VOP sentencing hearing, Attorney Riley advised Rogers on the record of his right to file an appeal, and Rogers made no request for an appeal.  *See* N.T., 11/14/13, at 25.  Since the record supports the PCRA court's findings, we are bound by its credibility determinations.  *See Wholaver*, *supra*.  Accordingly, Attorney Riley was not ineffective for failing to file a direct appeal.  We therefore affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/19