J-S71045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
HENRY L. BAYNARD, :
:
Appellant : No. 3166 EDA 2017

Appeal from the PCRA Order September 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002607-2013,
CP-51-CR-0002609-2013, CP-51-CR-0002612-2013,
CP-51-CR-0002615-2013, CP-51-CR-0002811-2013,
CP-51-CR-0002813-2013, CP-51-CR-0002817-2013,
CP-51-CR-0002818-2013, CP-51-CR-0002821-2013,
CP-51-CR-0002822-2013, CP-51-CR-0002846-2013,
CP-51-CR-0002848-2013, CP-51-CR-0002849-2013,
CP-51-CR-0002851-2013, CP-51-CR-0002854-2013,
CP-51-CR-0002856-2013, CP-51-CR-0002860-2013,
CP-51-CR-0002865-2013, CP-51-CR-0002867-2013,
CP-51-CR-0002869-2013, CP-51-CR-0002872-2013,
CP-51-CR-0002875-2013, CP-51-CR-0002886-2013,
CP-51-CR-0002889-2013

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 16, 2019**

Appellant Henry L. Baynard appeals from the order denying his first timely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that the PCRA court erred in denying relief on his ineffective assistance of counsel claim.  We affirm.

The PCRA court summarized the relevant procedural history of this case as follows:

On October 27, 2013, Appellant entered open guilty pleas to twenty-four counts of robbery that were graded as felonies in the first degree (18 Pa.C.S. § 3701), twenty-four counts of conspiracy that were graded as felonies in the first degree (18 Pa.C.S. § 903), twenty-four counts of carrying a firearm without a license that were graded as felonies in the third degree (18 Pa.C.S. § 6106), twenty-four counts of carrying a firearm on the public streets of Philadelphia that were graded as misdemeanors in the third degree (18 Pa.C.S. § 6108), twenty-four counts of possessing an instrument of crime that were graded as misdemeanors in the first degree (18 Pa.C.S. § 907), and eight counts of aggravated assault that were graded as felonies in the first degree (18 Pa.C.S. § 2702). Appellant's charges stemmed from a veritable crime spree lasting between August 21 and October 1, 2012.

* * *

After Appellant entered his pleas, [the trial court] sentenced him [on October 27, 2014,] to an aggregate term of sixteen (16) to thirty-two (32) years' incarceration. Immediately after sentencing, Mr. [Perry] de Marco [(trial counsel)] asked Appellant on the record whether he intended to file post-sentence motions and/or a direct appeal. . .

[Trial counsel]: [Appellant], judgment of sentence has been entered by the [c]ourt. The aggregate term is 16 to 32 years, credit for time served. Do you understand?

[Appellant]: Yes.

[Trial counsel]: As we discussed previously, you have ten days from today's date in writing to ask [the trial court] to reconsider the imposed sentence. Motion must be done in writing. If you can't afford counsel, counsel will be provided to you. Do you understand? There is nothing for [the trial court] to reconsider, however. You could ask [the trial court] to lower the sentence but in light of prior discussions, I don't think that's very likely. You can direct an appeal to the Superior Court. Those are limited grounds we also discussed in the booth downstairs, and [the trial court] gave in the colloquy. Do you understand?

[Appellant]: Yes.

> [Trial counsel]: As you stand before [the trial court], do you have any intention to file those post sentence motions or an appeal?
>
> [Appellant]: No.

Consistent with his on-the-record statements, Appellant filed neither a post-sentence motion nor a direct appeal. However, on October 21, 2015, Appellant filed a timely *pro se* petition under the PCRA. Appellant subsequently was appointed counsel, who filed an amended petition on July 8, 2016, alleging that Appellant's [trial] counsel failed to file a requested direct appeal and a requested post-sentence motion. Appellant alleged:

> [Appellant's] trial counsel was ineffective because he failed to file a post sentence motion, and appeal from the judgment of sentence in the above matter when requested to do so by the defendant after being sentenced. As a result of this[, Appellant] lost his state constitutional right to appeal the judgment of sentence in the above matter. [Appellant] has not waived this issue because it is the first opportunity he has to raise it and his post-sentence rights from the judgment of this court should be reinstated *nunc pro tunc*.

On September 1, 2016, the Commonwealth filed a motion to dismiss Appellant's petition. On September 19, 2017, after several continuances, [the PCRA court] conducted an evidentiary hearing on Appellant's claims. Appellant testified at the hearing that he did not request his plea counsel to file a direct appeal, but requested counsel to file only a motion to reconsider his sentence[.]

* * *

Appellant further testified that he requested [trial counsel] to file a post-sentence motion while they were still in the courtroom sitting at the defense table.

[Trial counsel] as well testified at the evidentiary hearing. Consistent with the notes of testimony from the plea hearing, [trial counsel] testified that Appellant never asked him to file a direct appeal or a post-sentence motion[.]

- 3 -

* * *

> At the conclusion of the hearing, [the PCRA court] determined that [trial counsel] credibly testified that Appellant never requested him to file a post-sentence motion or a direct appeal, and therefore dismissed Appellant's PCRA petition.

PCRA Ct. Op., 5/8/18, at 3-4.

Appellant timely filed a notice of appeal[1] and a court-ordered Pa.R.A.P. 1925(b) statement.[2]  The PCRA court filed a responsive Rule 1925(a) opinion concluding that Appellant was not entitled to relief.

_____

[1] Appellant filed one notice of appeal that listed all twenty-four docket numbers.  On October 5, 2017, this Court issued a rule to show cause as to why the appeal should not be quashed.  **See Commonwealth v. C.M.K.**, 932 A.2d 111 (Pa. Super. 2007) (holding that quashal is appropriate where a single notice of appeal is taken from two judgments of sentence imposed on co-defendants who were convicted and sentenced individually on different charges); **see also** Pa.R.A.P. 341, Note (stating that where one order resolves issues arising on more than one docket, separate notices of appeal must be filed.)  Appellant filed a timely response indicating that he was not appealing jointly with his co-defendant, and that he filed one notice of appeal because his sole appellate issue was identical across all twenty-four docket numbers.  Thereafter, the matter was referred to this panel for consideration.  On June 1, 2018, the Pennsylvania Supreme Court, in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), held that "separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket," and "the failure to do so will result in quashal of the appeal."  **See id.** at 977 (footnote omitted).  However, the Court announced its holding was prospective only, and therefore, we need not quash the present appeal, as it was pending at the time **Walker** was filed.  **See id.** at 971.

[2] Appellant's Rule 1925(b) statement included the following issues: (1) trial counsel was ineffective for failing to file a motion to withdraw Appellant's guilty pleas when requested by Appellant; (2) trial counsel was ineffective for failing to file a motion for reconsideration when requested to do so by Appellant; (3) Appellant's guilty pleas were not knowing, intelligent, and voluntary; (4) the trial court erred in denying Appellant's request to file a motion to withdraw his

Appellant raises one question on appeal: "Did the [PCRA] court err in not reinstating Appellant's post-sentence rights due to ineffectiveness of trial defense counsel who failed to discuss Appellant's post-sentence rights with the Appellant after his sentence?" Appellant's Brief at 2.

At the outset, we note that Appellant, in his PCRA petition, claimed that trial counsel was ineffective for **disregarding his request** to have post-sentence motions and a direct appeal filed. On appeal, however, Appellant does not argue that trial counsel disregarded his request.[3] Instead, Appellant claims that trial counsel was ineffective for failing to **consult** with him as to whether he wished to file a post-sentence motion or direct appeal.[4] Appellant's Brief at 6.

Specifically, in his brief to this Court, Appellant now contends that prior to entering an open guilty plea, he informed trial counsel that he was looking

---

guilty pleas *nunc pro tunc*; and (5) the trial court erred in denying Appellant's request to file a motion for reconsideration *nunc pro tunc*. **See** Appellant's Rule 1925(b) Statement, 12/28/17, at 1-2.

[3] Had Appellant raised this claim on appeal, we would find it meritless. At the PCRA hearing, both Appellant and trial counsel testified regarding Appellant's alleged request for a direct appeal. However, the PCRA court found trial counsel's testimony credible, and concluded that Appellant did not request that counsel file a post-sentence motion or a direct appeal. Therefore, Appellant would be unentitled to relief on his claim.

Therefore, we are bound by the PCRA court's credibility determinations, which are supported by the record. **See Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

[4] We add that the Commonwealth argued that Appellant waived this issue by failing to raise it in his PCRA petition. Commonwealth's Brief at 8.

- 5 -

for a sentence of ten to twenty years' incarceration.  *Id.*  Appellant argues that when the trial court imposed a greater sentence of sixteen to thirty-two years' incarceration, counsel was already "on notice" that Appellant was dissatisfied with the court's sentence.  *Id.*  According to Appellant, counsel, therefore, should have advised him about the pros and cons of proceeding with post-sentence motions or a direct appeal to challenge the discretionary aspects of the sentence.  *Id.* at 6-7.

However, a claim that counsel was ineffective for failing to file an appeal when requested by the defendant is distinct from a claim that counsel was ineffective for failing to consult with a defendant.  *Compare Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999) (discussing claims that counsel abandoned a defendant by failing to file a requested direct appeal); *Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011) (same); *Commonwealth v. Maynard*, 900 A.2d 395, 398 (Pa. Super. 2006) (same) *with Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (discussing claims that counsel failed to consult with a defendant); *Markowitz*, 32 A.3d at 714 (same); *Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa. Super. 2001) (same).  Therefore, because Appellant failed to raise his claim that trial counsel was ineffective for failing to consult in his PCRA petition, that claim is waived on appeal.  *See* Pa.R.A.P. 302(a); Pa.R.Crim.P. 902(B) (stating that the "[f]ailure to state such a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief").

Even if Appellant properly preserved his claim, he would not be entitled to relief. Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Mitchell*, 105 A.3d at 1265 (citation omitted).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citations omitted). To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). Counsel is presumed to be effective, and the burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* (citation omitted); *see Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

When a defendant does not explicitly instruct counsel to file a direct appeal, counsel may still be found ineffective if counsel does not consult with the defendant about his appellate rights. *Flores-Ortega*, 528 U.S. at 480 (2000); *Markowitz*, 32 A.3d at 714. However, counsel has a constitutionally imposed duty to consult only when "there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Flores-Ortega*, 528 U.S. at 480 (citation omitted).

"Where a petitioner can prove either factor, he establishes that his claim has arguable merit." *Markowitz*, 32 A.3d at 716. However, "[a] deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice." *Touw*, 781 A.2d at 1254 (holding that a claim that counsel failed to consult with a defendant about an appeal "does not fit within the [*per se* ineffectiveness] rule articulated" in *Lantzy*). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 484).

Here, Appellant did not establish, as he must, that "had [he] received reasonable advice from counsel about the appeal, he would have instructed

his counsel to file an appeal." *See Flores-Ortega*, 528 U.S. at 487; *see also Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995) (stating that where an appellant fails to meet the prejudice prong of the ineffectiveness standard, we may dismiss the claim on that basis alone). Moreover, to the extent that Appellant may have intended to raise this issue at the PCRA level, he did not develop the claim when provided with an opportunity to do so at the evidentiary hearing. Indeed, Appellant's trial counsel's testimony was limited to resolving whether Appellant specifically requested that he file a direct appeal.[5] *See* N.T. PCRA Hr'g, 9/19/17, at 13. Therefore, Appellant cannot establish trial counsel's ineffectiveness based on counsel's alleged failure to consult with Appellant regarding a post-sentence motion or a direct appeal.[6] *See Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (stating that counsel is presumed effective, and a petitioner "must advance sufficient evidence to overcome [that] presumption" in order to succeed on an ineffectiveness claim).

Order affirmed.

---

[5] The PCRA court determined that trial counsel testified credibly that Appellant did not request either a post-sentence motion or a direct appeal.

[6] As indicated previously, Appellant's argument at the PCRA hearing was that he requested a direct appeal and counsel failed to file it. Accordingly, Appellant only sought to elicit testimony from counsel regarding that specific claim. Appellant did not question counsel regarding his alleged failure to consult with him about filing a direct appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/19