**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Kemo MAYNARD, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 2006.

Filed May 15, 2006.

---

**396**

J. Matthew Wolfe, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth appellee.

BEFORE: KLEIN, KELLY and POPOVICH, JJ.

1. 42 Pa.C.S.A. §§ 9541–46.

OPINION BY KLEIN, J.:

¶ 1 Kemo Maynard appeals from the order denying his Post Conviction Relief Act (PCRA)[1] petition following an evidentiary hearing. Essentially, he claims that counsel was ineffective for failing to file an appeal to the Superior Court after the entry of his negotiated guilty plea. We affirm.

¶ 2 While Maynard testified that he asked counsel to appeal, the PCRA court disbelieved his testimony. Maynard's counsel testified that although he did not recall the exact circumstances of this case, it was his practice not to ask a client if he wanted to appeal following a negotiated guilty plea.

¶ 3 Certainly that makes sense. If a client voluntarily accepts a negotiated plea, presumably he or she is satisfied with the disposition. That presumption should lead a lawyer to assume that there is no basis to appeal. That is particularly true if the sentence is contemporaneous with the tender of the negotiated plea, as it was in this case. Oftentimes the lawyer will not see the defendant thereafter if a state sentence is imposed. At the plea proceeding, the defendant usually indicates on the record whether he is satisfied with the negotiations. There would be no point in asking him if he is dissatisfied. It is the client's obligation to affirmatively tell the lawyer that he wants to appeal, not the lawyer's burden to ask if the client is no longer satisfied with the negotiations.

¶ 4 Moreover, there was no showing that an appeal would be anything but frivolous here. After a negotiated plea, there is little about which to complain. There was no showing that the plea was involuntary, the trial court did not have jurisdiction, or the sentence was illegal or outside the scope of the negotiations. Here, noth-

ing has been alleged that would show that an appeal from the negotiated guilty plea would be anything other than frivolous.

¶ 5 A more detailed discussion follows.

*Factual and Procedural History*

¶ 6 On December 6, 1999, Maynard entered a negotiated guilty plea to 16 counts of robbery, 13 counts of possessing an instrument of crime, and 16 counts of conspiracy and received an aggregate sentence of 15 to 40 years in prison. He did not file post-sentence motions or a direct appeal. Maynard filed a timely PCRA petition, claiming that prior counsel was ineffective for failing to file a direct appeal from his judgment of sentence. Maynard's present counsel has also filed a *Turner/Finley* [2] no-merit letter and a motion to withdraw from representation. We agree with the PCRA court and counsel that Maynard's ineffectiveness claim lacks merit.[3] Therefore, we affirm the order denying PCRA relief and grant counsel's request to withdraw.[4]

¶ 7 Over a six-week period, Maynard and co-defendant Robert Pryor robbed seven different grocery stores in southwest Philadelphia, all of which were owned and operated by Asian–Americans. While Pryor pointed a gun at the cashier, Maynard stole the money from the register and threatened the employees, sometimes making racist remarks against "Chinese" people. After waiving his right to a jury trial, Maynard entered a negotiated guilty plea to the charges in exchange for a 15– to 40–year sentence.

¶ 8 Maynard filed a timely *pro se* PCRA petition, asserting, *inter alia,* that his prior counsel, Jerome Mallon, Esquire, was ineffective for failing to file a direct appeal and requesting reinstatement of his appellate rights *nunc pro tunc.* Appointed counsel then filed a *Turner/Finley* no-merit letter. The PCRA court denied Maynard's PCRA petition and granted counsel's request to withdraw on March 12, 2002. On October 16, 2003, a panel of this Court found that counsel's *Turner/Finley* letter was inadequate because it did not address Maynard's claim that counsel was ineffective for failing to file a requested direct appeal. Accordingly, this Court vacated the order and remanded for a hearing on that claim.

¶ 9 Following remand, present counsel was appointed to represent Maynard. On May 12, 2004, Maynard filed an amended PCRA petition, limited to the issue of counsel's ineffectiveness for failing to file a direct appeal. On July 28, 2004, the PCRA court held an evidentiary hearing, at which Attorney Mallon and Maynard (*via* videophone from prison) testified. On September 15, 2004, the PCRA court found that Maynard had not requested a direct appeal and, thus, dismissed the petition.

*Discussion*

¶ 10 Although counsel may be ineffective for failing to file a direct appeal

---

2. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988).

3. Counsel has satisfied the requirements of *Turner/Finley*, as his "no-merit" letter includes a description of the nature and extent of his review, a list of the issues Maynard wished to raise, and an explanation of why those issues lack merit. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super.2003).

4. On appeal from the denial of PCRA relief, we must determine whether the PCRA court's findings are supported by the record and whether the order is otherwise free of legal error. *Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915, 920 (1994). We will not disturb the PCRA court's findings unless they have no support in the record. *Id.*

on his client's behalf, a PCRA petitioner must prove that he asked counsel to file an appeal in order to be entitled to relief. *Commonwealth v. Harmon,* 738 A.2d 1023, 1024 (Pa.Super.1999). The petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request.

¶ 11 Here, Maynard testified that after his guilty plea hearing, counsel asked if he wanted to file an appeal, and Maynard said, "[Y]eah." (N.T. PCRA, 7/28/04, at 8.) When the PCRA judge asked Maynard what he thought an appeal would do for him, Maynard testified that he thought he could get his sentence reduced. (*Id.* at 9–10.) Attorney Mallon did not specifically recall whether or not he had asked Maynard if he wanted to appeal. He testified, however, that it was not his normal practice to ask a defendant who had just entered a negotiated plea if he wanted to file an appeal. (*Id.* at 18–19.)

¶ 12 The PCRA court did not believe Maynard's testimony. In rejecting Maynard's claim, the PCRA court explained:

> During the evidentiary hearing, this court evaluated the demeanor of the Petitioner and the uncertain nature of his testimony. After considering this evaluation, coupled with the fact that Petitioner pled guilty as part of a negotiated agreement with the Commonwealth, this court found Petitioner's allegation that counsel failed to file a requested appeal to be lacking in credibility.

(PCRA Court Op., 5/24/05, at 5.) Therefore, the PCRA court concluded that Maynard's claim lacks merit.

¶ 13 After reviewing the certified record, we conclude that the PCRA court's findings are supported by the record. *Blackwell, supra.*

¶ 14 Order affirmed. Counsel's petition to withdraw granted.