J-S53029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS SIDERIO | |
| Appellant | No. 1124 EDA 2015 |

Appeal from the PCRA Order March 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014283-2013

BEFORE:  BENDER, P.J.E., OLSON, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 11, 2017**

Appellant, Thomas Siderio, appeals from the order entered on March 26, 2015, dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9141-9546.  Upon careful consideration, we vacate and remand.

The factual background and procedural history of this case are as follows.  On August 7, 2013, Appellant was arrested and charged via criminal complaint with resisting arrest.[1]  On January 9, 2014, following a bench trial, Appellant was found guilty.  On May 2, 2014, the trial court imposed a two-year probationary sentence to run consecutive to a term of incarceration

---

[1]  18 Pa.C.S.A. § 5104.

and probation previously imposed in three unrelated matters.[2] **See** PCRA Court Opinion, 12/09/2016, at 1. Neither post-sentence motions, nor a direct appeal, was filed.

On December 31, 2014, Appellant filed a *pro se* PCRA petition alleging a violation of his constitutional rights and ineffective assistance of trial counsel. Appellant's petition requested reinstatement of his right to file a direct appeal and specifically asked the court to appoint counsel. However, without appointing counsel or issuing a notice of intent to dismiss Appellant's PCRA petition,[3] the PCRA court entered an order denying Appellant's petition on March 26, 2015. On April 9, 2015, Appellant filed a *pro se* notice of appeal, along with his concise statement.[4] On June 10, 2015, a **Grazier**[5] hearing was held and the PCRA court appointed counsel. On June 13, 2016, counsel filed an amended concise statement, specifically withdrawing any

---

[2] The sentencing order entered in this case does not state whether Appellant's punishment runs consecutively or concurrently to any prior sentences.

[3] **See** Pa.R.Crim.P. 907(1).

[4] The PCRA court stated that Appellant's concise statement was a legal nullity since he was allegedly still represented by trial counsel at the time. PCRA Court Opinion, 12/09/2016, at 2.

[5] **See Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).

ineffective assistance of trial counsel claims.[6]  The PCRA court issued an

opinion on December 9, 2016.

On appeal, Appellant presents one issue for our review:

Did the trial court err when it found [A]ppellant guilty of resisting arrest where the evidence was legally insufficient to prove, beyond a reasonable doubt, that [A]ppellant created a substantial risk of bodily injury or employed means justifying or requiring substantial force to overcome the resistance?

Appellant's Brief at 3.

"On appeal from the denial of PCRA relief, we must determine whether

the PCRA court's findings are supported by the record and whether the order

is otherwise free of legal error.  We will not disturb the PCRA court's findings

unless they have no support in the record."  **Commonwealth v. Maynard**,

900 A.2d 395, 397 n.4 (Pa. Super. 2006).

Here, the PCRA court erred when it failed to appoint counsel to

represent Appellant on his first PCRA petition.  "[I]t is undisputed that first

time PCRA petitioners have a rule-based right to counsel."  **Commonwealth**

**v. Figueroa**, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011).  This right to

counsel "exists throughout the post-conviction proceedings, including any

---

[6]  It appears that appointed counsel believes that this is a direct appeal even though this appeal is from the March 26, 2015 order denying Appellant's PCRA petition.  In counsel's amended concise statement, he withdrew all claims of ineffective assistance of counsel, stating "[s]uch claims. . . are properly reserved for [a] Post-Conviction Relief Act petition."  Counseled Amended Concise Statement, 6/13/16, at 2 ¶ 9.  In addition, the counseled advocate's brief filed on appeal addresses only the sufficiency of the evidence introduced by the Commonwealth.

appeal from [the] disposition of the petition for post-conviction relief." **Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa. Super. 1999) (internal citations and quotation marks omitted); **see also** Pa.R.Crim.P. 904(C). Here, the PCRA court simply failed to appoint counsel to represent Appellant during the underlying proceedings. This constitutes clear error, as it forced Appellant to litigate his first PCRA petition without the aid of an attorney.

Moreover, although Appellant did not claim that the PCRA court erred in failing to appoint counsel, our Supreme Court explained that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." **Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1998). Thus, we have held that "where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

We are unpersuaded by the PCRA court's assertion that Appellant was represented by trial counsel at the time he filed his PCRA petition and his appeal. Trial Court Opinion, 12/09/2016, at 2. Although counsel never formally moved to withdraw, he did not file a post-sentence motion nor a direct appeal on Appellant's behalf. Thus, it appears that counsel may have abandoned Appellant before the filing of the *pro se* PCRA petition. Furthermore, Appellant specifically stated in his PCRA petition that he was

unrepresented and that he requested counsel. Therefore, we find that Appellant was denied his rule-based right to appointed counsel on his first PCRA petition.

Our review of the certified record reveals an additional area that requires further exploration. To be eligible for relief under the PCRA, a petitioner must show that he has been convicted of a crime under the laws of Pennsylvania and that he, at the time relief is granted, is serving a sentence of imprisonment, probation, or parole for the crime or is serving a sentence which must expire before the person may commence serving the disputed sentence. 42 Pa.C.S.A. § 9543(a)(1). The record establishes that Appellant received a two-year probationary sentence on May 2, 2014, which the trial court supposedly ordered to run consecutive to sentences imposed on unrelated matters. The sentencing order, however, does not confirm the consecutive/concurrent nature of Appellant's sentence. Moreover, it is unclear whether and to what extent any prior punishment may have delayed the commencement or expiration of Appellant's May 2, 2014 sentence for purposes of demonstrating eligibility for collateral relief. On remand, the PCRA court shall consider, among other things, whether Appellant continues to serve a sentence in this case and, in turn, whether he remains eligible for collateral relief.

For the foregoing reasons, we vacate the order dismissing Appellant's PCRA petition and remand this case to the PCRA court with instructions.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2017