J-S82005-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES DAMAR PRATT, | |
| Appellant | No. 1648 WDA 2016 |

Appeal from the Order Entered September 28, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No(s):
CP-04-CR-0000853-2014
CP-04-CR-0000854-2014

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.*, and STRASSBURGER, J.**

MEMORANDUM BY BENDER, P.J.E.:                    FILED MARCH 05, 2018

Appellant, Charles Damar Pratt, appeals from the post-conviction court's September 28, 2016 order denying his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the pertinent facts and procedural history of this case, as follows:

> On July 7, 2015 [Appellant] entered guilty pleas to certain
> ... charges [in three separate] cases.  It should be noted that the
> pleas were entered by [Appellant] the day after he and his
> counsel had participated in selection of a jury to hear and decide
> these cases.

_____

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

In the case [docketed] at No. 854 of 2014, [Appellant] pled guilty to Aggravated Assault, as set forth at Count 2 of the Information, graded as a Felony of the First Degree, and Persons not to Possess a Firearm, as set forth at Count 4 of the Information, graded as a Felony of the Second Degree. [In the] [c]ase [docketed at] No. 2129 of 2014, [Appellant] pled guilty to Delivery of Heroin, as set forth at Count 1 of the Information, an ungraded Felony, Possession With Intent to Deliver Heroin, as set forth at Count 3 of the Information, and Persons Not to Possess a Firearm, as set forth at Count 4 of the Information, again, graded as a Felony of the Second Degree. Finally, [in the] [c]ase [docketed at] No. 853 of 2014, [Appellant] pled guilty to Theft By Unlawful Taking, as set forth at Count 1 of the Information, graded as a Misdemeanor of the First Degree.

In return for his guilty pleas, and in strict compliance with the terms of his Plea Agreements, as repeatedly stated on the record, this [c]ourt sentenced [Appellant] on all three cases to an aggregated sentence of not less than ten (10) years nor more than twenty (20) years of incarceration in a State Correctional Facility, followed by a term of five (5) years of probation under the supervision of the Pennsylvania Board of Probation and Parole. (The individual sentences are contained in the records.)

On October 30, 2015, [Appellant] filed a pro se PCRA Petition in the case [docketed] at No. 854 of 2014. At [Appellant]'s request, counsel was appointed for him. On April 8, 2016, [Appellant] filed another pro se PCRA Petition [in the] [c]ase [docketed at] No. 853 of 2014. The same counsel was again appointed for him. Court-appointed counsel filed an Amended PCRA Petition on April 8, 2016 [in the] [c]ase [docketed at] No. 854 of 2014. [Therein, Appellant alleged that his plea counsel had acted ineffectively by, inter alia, failing to file a direct appeal on his behalf.] The Commonwealth was directed to file a response, and a hearing was scheduled.

Following continuances, the PCRA Petitions were called for hearing on September 21, 2016.

At the PCRA hearing, the first witness called to the stand by [Appellant] … was Attorney Timothy Carland, who represented [Appellant] before trial, at jury selection and in the entry of the pleas and subsequent sentencings. Both defense counsel and the [c]ourt reviewed appeal rights with [Appellant] during the plea and sentence hearings. According to Attorney

- 2 -

Carland, [Appellant] did not request that he file a direct appeal, after having been explained his rights in that regard, at either the time of the sentences or at any time subsequent thereto. Attorney Carland testified that the [c]ourt did sentence [Appellant] in accordance with the Plea Agreement, and [Appellant] never requested that a direct appeal be filed on his behalf. [Attorney] Carland never saw nor heard from [Appellant] following sentencing, and he did not receive any correspondence from [Appellant] requesting that an appeal be pursued. [Attorney] Carland testified that his first memory of contact from [Appellant] was when he received [Appellant's] Pro Se PCRA Petition [in the] [c]ase [docketed at] No. 854 of 2014.

[Appellant] was the only other witness to testify at the PCRA hearing, and his testimony primarily concerned his dissatisfaction with [Attorney] Carland prior to trial in not visiting him at the jail, continuing the trial of his cases on more than one occasion and [counsel's] refusal to pursue a Rule 600 Motion on [Appellant's] behalf. He did admit that he stated on the record at the time of his pleas and sentences that he was satisfied with [Attorney] Carland's representation. [Appellant] did go on to testify that, at the sentencing hearing, Attorney Carland told him "to file a PCRA and I'll work on a direct appeal[.]" [Appellant] admitted that he did not request the [c]ourt or Attorney Carland to pursue a direct appeal thereafter.

PCRA Court Opinion (PCO), 9/28/16, at 1-3 (unnumbered).

Following the PCRA hearing, the court issued an order and opinion denying Appellant's PCRA petition. Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 13, 2017, the PCRA court issued a Rule 1925(a) opinion, stating that it was relying on the rationale set forth in its opinion issued on September 28, 2016. Herein, Appellant presents two issues for our review:

    I.    The PCRA [c]ourt erred in refusing to reinstate [Appellant's] direct appeal rights, where [Appellant] told

- 3 -

his trial attorney that he wanted to withdraw his plea and appeal after resentencing.

II. The PCRA [c]ourt erred in denying [Appellant's] petition for relief, where trial counsel was ineffective in failing to prepare for trial which forced [Appellant] to conclude he had no alternative than to enter an involuntary guilty plea.

Appellant's Brief at 5.

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." Commonwealth v. Morales, 701 A.2d 516, 520 (Pa. 1997) (citing Commonwealth v. Travaglia, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [Commonwealth v.] Colavita, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing Strickland[ v. Washington, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the Strickland performance and prejudice test into a three-part inquiry. See [Commonwealth v.] Pierce, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. Commonwealth v. Ali, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." Commonwealth v.

- 4 -

Simpson, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. See Ali, supra. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." Colavita, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Commonwealth v. King, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" Ali, 608 Pa. at 86–87, 10 A.3d at 291 (quoting Commonwealth v. Collins, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052)).

Commonwealth v. Spotz, 84 A.3d 294, 311-12 (Pa. 2014).

In Appellant's first issue, he maintains that he directed Attorney Carland to file a direct appeal on his behalf, and counsel was ineffective for failing to do so. Appellant claims that his testimony "that he wanted a direct appeal is buttressed by the fact that his pro se PCRA Petition was filed so soon after the imposition of [his] sentence." Appellant's Brief at 14. According to Appellant, the timing of his petition demonstrates that he "immediately took steps to have his appellate rights reinstated" as soon as "he realized [that] plea counsel did not file a notice of appeal within the thirty (30) day time-period." Id. at 14-15.

In rejecting Appellant's arguments, the PCRA court reasoned:

[T]his [c]ourt has received credible testimony from Attorney Carland that he did consult with [Appellant] both on and off the record concerning his appellate rights and that [Appellant] never requested, in person, in writing or by any other form of communication, that Attorney Carland file a direct appeal on his behalf. In point of fact, [Appellant] himself agreed that he did not ask Attorney Carland to file a Notice of Appeal from his sentences. [Appellant] instead testified that Attorney Carland told him "to file a PCRA and [counsel would] work on a direct appeal[,"] two courses of action that are incongruous with one another. [Appellant's] testimony in that regard was not credible and cannot be considered as truthful on those two proposed courses of action.

\* \* \*

[Appellant] next argues that by filing his Pro Se PCRA Petition almost four (4) months following his sentencing, [he] has somehow established that [he] did, in fact, direct Attorney Carland to file a Notice of Appeal. That, quite simply, is not the case, <u>after</u> counsel also acknowledged that "the record reflects that [Appellant] was advised of his post-sentence and direct appeal rights[."] There is absolutely no evidence in the record that [Appellant] ever directed Attorney Carland to file a direct appeal [of] his convictions and sentences [in the] [c]ase [docketed at] No. 854 of 2014 and [in the] [c]ase [docketed at] No. 853 of 2014.

PCO at 3-4 (emphasis in original).

We ascertain no error or abuse of discretion in the PCRA court's decision. We have declared that, "[a]lthough counsel may be ineffective for failing to file a direct appeal on his client's behalf, a PCRA petitioner must prove that he asked counsel to file an appeal in order to be entitled to relief." Commonwealth v. Maynard, 900 A.2d 395, 397-98 (Pa. Super. 2006). More specifically, "[t]he petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request." Id.

- 6 -

Here, Appellant testified that Attorney Carland told him, while they were still in the courtroom after sentencing, that counsel would file a direct appeal and Appellant should "file a PCRA." N.T. PCRA Hearing, 9/21/16, at 31-34.[1] However, Attorney Carland testified that Appellant did not say anything to him about filing an appeal at the sentencing hearing, nor at any point thereafter. Id. at 31, 32-33. The PCRA court credited Attorney Carland's testimony and, because that decision is supported by the record, it is binding on this Court. See Maynard, supra. Accordingly, we discern no abuse of discretion in the PCRA court's conclusion that Appellant failed to prove that Attorney Carland acted ineffectively by not filing a direct appeal on his behalf.

In Appellant's second ineffectiveness claim, he contends that Attorney Carland acted ineffectively by not filing a motion to dismiss pursuant to Pa.R.Crim.P. 600, seeking several continuances of Appellant's case, and "not meet[ing] with [Appellant] enough times to prepare a meaningful defense for trial." Appellant's Brief at 17. Aside from reiterating the general legal standard for demonstrating ineffectiveness, the entirety of Appellant's discussion of these three distinct claims of counsel's ineffectiveness consists of the following:

_____

[1] We note that the transcript of the PCRA hearing incorrectly states that the proceeding was conducted on September 21, 2013, rather than September 21, 2016.

The PCRA [c]ourt accurately stated that [Appellant] was dissatisfied that [Attorney] Carland continued the case several times, that [Attorney] Carland would not pursue the Rule 600 Motion [Appellant] wished to have presented to the court, and that [Attorney] Carland did not meet with [Appellant] enough times to prepare a meaningful defense for trial. In fact, [Appellant] had two other attorneys with the Public Defender's Officer prior to Attorney Carland['s] coming into the case. [Appellant] did not have a level of confidence that his attorney was providing reasonable representation in a matter of grave importance to him.

Attorney Carland was aware that [Appellant] was not satisfied with the representation, given that [Attorney] Carland did not pursue the Rule 600 claim, and given that entering the plea was the result of [Appellant's] feeling as though he had no other option. Entering the plea was [Appellant's] way of mitigating the bad situation that faced him due to having an attorney that he believed was not prepared.

Where [Appellant] has established that he would have proceeded to trial had he enjoyed a level of confidence in his attorney, the outcome of the case would have been much different, but for counsel's ineffective assistance.

Id. at 17-18.

Appellant's vague argument is insufficient to prove that Attorney Carland acted ineffectively. First, regarding Appellant's Rule 600 claim, Attorney Carland testified at the PCRA hearing that he did not file a Rule 600 motion to dismiss because he believed it would be "frivolous." N.T. PCRA Hearing at 28. Appellant offers no discussion to rebut counsel's conclusion; thus, he has not demonstrated that this ineffectiveness claim has arguable merit.

Second, pertaining to the continuance requests filed by Attorney Carland, the record shows that counsel was appointed to represent Appellant

on December 23, 2014, and he requested only two continuances between that date and Appellant's guilty plea proceeding on July 7, 2015. Attorney Carland explained at the PCRA hearing that he requested these continuances to prepare for trial by obtaining and reviewing transcripts, discovery, and forensic reports. N.T. PCRA Hearing at 27-28. Appellant does not discuss why it was unreasonable for counsel to request these continuances in order to better prepare his defense.

Third, concerning Attorney Carland's pretrial meetings with Appellant, counsel acknowledged at the PCRA hearing that he only met with Appellant "once or twice." Id. at 19. However, he also testified that he was prepared to go to trial. Id. at 22. Counsel then discussed why Appellant chose to plead guilty, explaining that, after completing the first day of jury selection, he had advised Appellant that he believed Appellant's case was not "that strong in terms of what he was facing and the potential for additional … prison time over and above … the [plea] offer [the Commonwealth] was providing him." Id. at 21. Appellant informed counsel he would think about the plea offer "overnight." Id. at 22. When they arrived at court the following morning, Appellant saw one of the victims with the District Attorney, and he then informed Attorney Carland that he wanted to accept the plea offer. Id.

On appeal, Appellant offers no challenge to Attorney Carland's testimony, nor any discussion of what more counsel should have done to better prepare for trial, or why counsel's advice to accept the plea offer was

unreasonable. Thus, Appellant has not demonstrated that Attorney Carland acted ineffectively.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2018