J-S37041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD FRANCIS GOSNER | : | |
| | : | |
| Appellant | : | No. 625 EDA 2023 |

Appeal from the PCRA Order Entered February 7, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at CP-09-CR-0000187-2020

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 5, 2023**

Edward Francis Gosner (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

> On July 14, 2021, after a [non-jury] trial, [the trial] court found Appellant guilty of aggravated assault, assault by prisoner, simple assault, and harassment.  Appellant was represented by Daniel Schatz, Esquire (hereinafter "Trial Counsel").

> The facts underlying Appellant's convictions stem from an attack that occurred on October 13, 2019[,] at the Bucks County Correctional Facility (hereinafter "BCCF").  Appellant was in the restricted housing unit of BCCF when he assaulted another inmate, Michael Dozon (hereinafter "Victim"), after Appellant took issue with Victim's sexuality.  N.T., 7/14/21, p. 69.  Appellant threatened to "fuck [Victim] up," told him that "faggots shouldn't live" and "it's not right to be gay," and called [Victim] homophobic slurs.  *Id.* at 70-72.  Appellant followed Victim as he retreated into a closet, forcing Victim to spray Appellant with a water hose so he could escape.  *Id.* at 70.  As Victim fled to the unit's exit, Appellant attacked him from behind.  *Id.* at 74, 24.  As Victim laid curled up in a ball on the floor, Appellant punched and kneed

Victim fifteen times and kicked him in the head. *Id.* at 25. Victim never returned the attack on Appellant. Over five correctional officers had to respond to the assault. *Id.* at 26. Correctional officers attempted to obtain medical treatment for Victim, but he refused. *Id.* at 79. However, Victim testified that his cheek was swollen, he had bruises all over his body, and the pain in his head, chest, and back areas was so severe that he had to take pain medication "all of the time." *Id.*

Shortly after the attack, Appellant discovered that charges were filed against him for the assault. He threatened Victim to "drop the charges … or [Appellant] would make [Victim's] life a living hell." N.T., 7/14/21, p. 83. Victim received so many threats that he became suicidal. Ultimately, Appellant asked Victim to write a letter on Appellant's behalf that Appellant's girlfriend could bring to the district court[,] to have the charges dismissed. *Id.* at 89. Victim complied, had his cellmate write the letter with Appellant's requested false statements, and then Victim signed the letter. *Id.* at 92-95. On November 8, 2019, Appellant wrote a letter to his girlfriend with Victim's letter attached. At the preliminary hearing, Appellant also told Victim "please make the right decision," implying Victim should lie on the stand so that the case would be dismissed. *Id.* at 97, 96.

After this court found Appellant guilty of the charges, it deferred sentencing for 60 days. On September 10, 2021, this court imposed sentence of no less than seven years to no more than fifteen years of incarceration in a state correctional facility on count 1, aggravated assault[. The court imposed] a sentence of no less than five years to no more than ten years in a state correctional facility on [Appellant's conviction of] … assault by prisoner, to run concurrently to the sentence imposed on count 1. [With respect to Appellant's remaining convictions, the trial court imposed no further punishment.] This court also ordered Appellant to pay the costs of prosecution as well as to undergo mental hea[l]th and drug and alcohol treatment and complete an anger management program.

PCRA Court Opinion, 4/18/23, at 1-3 (footnotes omitted, some capitalization and citations modified).

On September 20, 2021, Trial Counsel filed a post-sentence motion (PSM) on Appellant's behalf. Appellant claimed the trial court abused its discretion in imposing an excessive sentence. PSM, 9/20/21, ¶¶ 6, 7 (asserting the sentence was "well beyond the top of the aggravated range" and "greater than necessary to meet the rehabilitative needs of [Appellant,] as well as the need to protect the public."). Pertinently, Appellant requested the appointment of new counsel to file a PCRA petition raising Trial Counsel's ineffectiveness. *Id.* ¶¶ 8-11. The trial court denied Appellant's PSM without a hearing on September 29, 2021. Appellant did not appeal.

On July 11, 2022, Appellant timely filed a *pro se* PCRA petition. Appellant claimed, *inter alia*, that Trial Counsel rendered ineffective assistance when he ignored Appellant's repeated requests to file an appeal. PCRA Petition, 7/11/22, at 4. The PCRA court appointed Eric Alcon, Esquire (PCRA Counsel) to represent Appellant.[1] PCRA Counsel filed an amended PCRA petition on December 7, 2022. In the amended petition, Appellant raised several claims of Trial Counsel's ineffectiveness. *See* Amended PCRA Petition, 12/7/22, ¶¶ 5, 10-28. Relevant to this appeal, Appellant claimed Trial Counsel "failed to properly preserve in [the PSM, Appellant's] challenge to the discretionary aspects of the sentence." *Id.* ¶ 10(b). Appellant further argued Trial Counsel

_____

[1] PCRA Counsel continues to represent Appellant on appeal.

failed to properly preserve, and to file, [a direct] appeal to the Superior Court, challenging the discretionary aspects of the sentence and the sufficiency of the evidence with respect to the charge of [a]ggravated [a]ssault.

*Id.* ¶ 10(c). In addition, Appellant asked the PCRA court to schedule an evidentiary hearing to develop the record.[2] *Id.* ¶¶ 29-30.

On January 10, 2023, the Commonwealth filed an answer asserting that each of Appellant's claims of Trial Counsel's ineffectiveness lacked merit. *See* Answer, 1/10/23, at 4-18. Seven days later, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court stated it "is satisfied that the claims raised in [the petition] are without merit and do not warrant an evidentiary hearing." Notice of Intent to Dismiss, 1/17/23. Appellant did not respond.

The PCRA court denied Appellant's PCRA petition on February 7, 2023. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents three issues for review:

I. Did [the] lower court err in denying []Appellant's claim, without a hearing, that Trial Counsel was ineffective in that he failed to properly preserve in a post-sentence motion [Appellant's] challenge to the discretionary aspects of the sentence[?]

II. Did the lower court err in denying []Appellant's claim, without a hearing, that Trial Counsel failed to properly preserve, and to file an appeal to the Superior Court, challenging the discretionary aspects of the sentence[?]

---

[2] Appellant did not attach any affidavits to either his *pro se* PCRA petition or amended petition.

- 4 -

III. Did the lower court err in denying []Appellant's claim, without a hearing, that Trial Counsel failed to properly preserve, and to file an appeal to the Superior Court, challenging the sufficiency of the evidence with respect to the charge of aggravated assault-attempt to cause serious bodily injury[?]

Appellant's Brief at vi (some capitalization modified).

Preliminarily, we discuss a defect in Appellant's brief. In compliance with our Rules of Appellate Procedure, Appellant sets forth separate arguments for each of the issues presented in his statement of questions involved. *See id.* at 15-21; *see also* Pa.R.A.P. 2119 (argument section of appellate briefs). However, Appellant also argues an issue that does not correspond with his statement. *See* Appellant's Brief at 9-14 (claiming the PCRA court erred in denying relief without an evidentiary hearing and determining Appellant's PCRA petition was defective for failure to include an affidavit from Trial Counsel).

"This Court will address only those issues properly presented and developed in an appellant's brief as required by our Rules of Appellate Procedure, Pa.R.A.P. 2101-2119." *Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016). Issues not presented in the statement of questions involved are generally deemed waived. *Commonwealth v. Garland*, 63 A.3d 339, 342 (Pa. Super. 2013) (finding waiver of appellant's issue) (citing Pa.R.A.P. 2116(a) ("No questions will be considered unless they are stated in the statement of questions involved or are fairly suggested thereby.")). Accordingly, Appellant waived this issue. *Id.*; *see also*

*Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011) ("The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by [the Supreme] Court and its rules committee of the most efficacious manner by which appellate review may be conducted"). We thus proceed to the merits of Appellant's preserved issues.

Our standard of review of a PCRA court's denial of relief is "limited to whether the court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020). The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed in the PCRA court. *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011).

With respect to evidentiary hearings, this Court has explained:

A PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record … to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021) (citations, brackets, and paragraph break omitted).

All of Appellant's issues assail the effectiveness of Trial Counsel. Notably, counsel is presumed to be effective; a PCRA petitioner bears the burden of proving otherwise. **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018); **see also Commonwealth v. Lesko**, 15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and quotation marks omitted)).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from[, *inter alia*,] the "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)).

To establish a claim of ineffectiveness, a PCRA petitioner must plead and prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the **Pierce** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations modified).

In his first issue, Appellant claims the PCRA court erred in denying relief without an evidentiary hearing because Trial Counsel "was ineffective in that he failed to properly preserve in a [PSM, Appellant's] challenge to the discretionary aspects of the sentence." Appellant's Brief at 15 (capitalization modified); *see also Commonwealth v. Gibbs*, 981 A.2d 274, 282-83 (Pa. Super. 2009) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Appellant concedes Trial Counsel "did ask for a reconsideration of sentence" in the PSM. Appellant's Brief at 15; *see also* PSM, 9/20/21, ¶¶ 6, 7 (claiming Appellant's sentence was "well beyond the top of the aggravated range" and "greater than necessary to meet the rehabilitative needs of [Appellant,] as well as the need to protect the public."). Nonetheless, Appellant asserts that the discretionary sentencing claim in the PSM

> does not raise a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. As such, even had [a direct] appeal been filed, as Appellant requested, [the Superior] Court would have likely found the [PSM] insufficient and determined that Appellant had waived his right to challenge the discretionary aspects of the sentence by failing to properly preserve same in the post-sentence motion.

Appellant's Brief at 16.

The Commonwealth counters that the PCRA court properly rejected this claim because the PSM preserved Appellant's discretionary sentencing challenge:

> The [PSM] argued Appellant was sentenced beyond the aggravated range of the sentencing guidelines and that he believed his sentence to be "excessive and greater than necessary to meet the rehabilitative needs of Appellant as well as the need to protect the community." [PSM, 9/20/21,] ¶¶ 6-7. Absent Appellant identifying some additional discretionary aspects of sentencing claim that he believed trial counsel should have raised in his post-sentence motion, trial counsel surely *did* preserve a reviewable sentencing claim for purposes of direct appeal, and the underlying claim here has no arguable merit.

Commonwealth Brief at 13 (italics in original; some capitalization modified).

The PCRA court also opined that Appellant's discretionary sentencing claim was "properly preserved" in the PSM. PCRA Court Opinion, 4/18/23, at 8. We agree. As there is no arguable merit to Appellant's underlying claim of Trial Counsel's ineffectiveness, the PCRA court did not err in denying relief.

> In the alternative, the PCRA court stated
>
> even if Trial Counsel's [PSM] was insufficient, Appellant has not established all three required prongs of the **Pierce** test for ineffective assistance of counsel. Specifically, Appellant has not, and cannot, establish prejudice because there is no reason to believe that a challenge to the discretionary aspects of sentence would have had merit on appeal.

PCRA Court Opinion, 4/18/23, at 8.[3] Again, we agree.

_____

[3] The PCRA court also cited law applicable to discretionary aspects of sentencing claims. **See** PCRA Court Opinion, 4/18/23, at 8-10.

The PCRA court, which also presided at Appellant's sentencing, explained:

> [T]his court set forth its reasons for the sentence on the record. First, this court considered Appellant's prior criminal history and noted he had six prior convictions for assault-related behavior. N.T. 9/10/2021, p. 11. Second, this court considered the facts of the case—that Appellant began his attack from behind, leaving Victim unable to defend himself; that Appellant kneed and kicked Victim over a dozen times in the head despite Victim never attempting to fight back—and determined that it was a "very violent and unprovoked and vicious assault." *Id.* at 12. Third, this court considered Appellant's lack of remorse and failure to accept responsibility for his actions. At sentencing, Appellant claimed to feel apologetic for his actions, yet interrupted this court in the middle of the imposition of sentence to blame Victim for the assault and to again lie and state a debunked assertion that the hose Victim used [in self-defense] was filled with anything other than water. *Id.* at 12[]; N.T. 7/14/2021, p. 41.
>
> Fourth, this court considered Appellant's inability to abide to authority as shown by his numerous misconducts in the [BCCF] and his violations of this court's orders to not contact victims. N.T. 9/10/2021, p. 13. Fifth, this court considered the need to protect the community and noted that Appellant has repeatedly demonstrated that he cannot control his anger and that he has even acknowledged this himself at times. *Id.* at 14. Lastly, this court considered Appellant's need for rehabilitation. Although Appellant completed a few classes on anger management and decision-making, this court found that those classes did not meet Appellant's needs. *Id.* Appellant, time after time, chose not to take advantage of and follow the programs and treatment available to him in the community, in the county correctional facility, or in the state correctional facility. For these reasons, this court found that anything other than total confinement was inappropriate. *Id.*
>
> As such, it is clear that this court did not err when imposing sentence and properly exercised its discretion and, as such, any challenge on direct appeal would be meritless. Appellant's claim to the contrary is wholly without merit and Appellant's claim that Trial Counsel was ineffective must fail.

PCRA Court Opinion, 4/18/23, at 10-11 (some capitalization modified). For the above reasons, Appellant's first issue lacks merit.

In his second and third issues, Appellant presents related claims. Appellant asserts the PCRA court erred in rejecting his contention that Trial Counsel was ineffective for failing to file a requested direct appeal challenging the sufficiency of the evidence and the discretionary aspects of his sentence. *See* Appellant's Brief at 16-18, 19-21. According to Appellant, he

> pled in both the *pro se* [PCRA] petition and the amended petition that he directed Trial Counsel to pursue an appeal challenging the sentence. There is nothing in the record that belies this claim.
>
> Trial Counsel contends, through the Commonwealth's answer [to Appellant's amended PCRA petition], that [Trial Counsel] was not told to pursue an appeal of the sentence. Without a[n evidentiary hearing,] it is impossible for the PCRA court to make any determination as to whether Appellant's claim, or Trial Counsel's response, is credible.

*Id.* at 17 (some capitalization modified).

The Commonwealth counters that Appellant failed to meet his burden of proving he asked Trial Counsel to file a direct appeal. *See* Commonwealth Brief at 14-18. The Commonwealth argues:

> Appellant makes passing references to alleged verbal and written directives to [Trial Counsel to] file an appeal on [Appellant's] behalf. However, … [Appellant] failed to attach any exhibits to his petition demonstrating such written instructions. Moreover, before [the Commonwealth filed] its answer [to the amended PCRA petition, PCRA Counsel] spoke with [T]rial [C]ounsel[,] who contested that Appellant ever instructed him to file a direct appeal. The Commonwealth relayed the same in its answer.

*Id.* at 16; ***but see also id.*** at 18 (Commonwealth acknowledging "the averments in its answer … did not constitute 'testimony' or 'evidence.'").

According to the Commonwealth, the

record – even absent any additional testimony at [a PCRA evidentiary] hearing – undermines any claim that Appellant asked [T]rial [C]ounsel to file and represent him on direct appeal while simultaneously expressing [Appellant's] steadfast desire to immediately pursue PCRA claims alleging [Trial Counsel's] ineffectiveness.

*Id.* at 17. Upon review, we agree.

The Pennsylvania Supreme Court has held that where there is an "unjustified failure to file a requested direct appeal," counsel is *per se* ineffective. **Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999) (footnote omitted). However, while "counsel may be ineffective for failing to file a direct appeal on his client's behalf, a PCRA petitioner must prove that he asked counsel to file an appeal in order to be entitled to relief." **Commonwealth v. Maynard**, 900 A.2d 395, 397-98 (Pa. Super. 2006) (citation omitted). "Mere allegations will not suffice." **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999). Where a petitioner has met his burden of proving he asked for a direct appeal, "no discussion of the potential merit of any claims is necessary or warranted." **Commonwealth v. Markowitz**, 32 A.3d 706, 715 (Pa. Super. 2011) (citing **Lantzy**, 736 A.2d at 572).

Instantly, at the beginning of Appellant's sentencing hearing, Trial Counsel stated that Appellant had presented "one issue I think ought to be

- 12 -

addressed prior to any argument." N.T., 9/10/21, at 3. Trial Counsel then questioned Appellant as follows:

> [TRIAL COUNSEL]: I received a letter [from Appellant] … written by [Appellant] by way of the Public Defender's Office[,] expressing your desire to pursue certain matters on PCRA; is that correct?
>
> [APPELLANT]: Yes, sir, it is.
>
> [TRIAL COUNSEL]: I'm nonetheless prepared to move forward with sentencing today. Would you like to move forward for sentencing today with my representation?
>
> [APPELLANT]: Yes, I would.

*Id.* at 3-4.

After the trial court sentenced Appellant, Trial Counsel asked the trial court: "Would you be inclined to vacate my appointment [as Appellant's counsel] at this time so [Appellant] can pursue other relief?" *Id.* at 16. The trial court responded:

> THE COURT: I think what I'm inclined to do is, **if [Appellant] wishes to appeal, [the trial court will] have [Trial Counsel] file the notice of appeal so that [Appellant's] rights are protected.** Then I will permit [Trial Counsel's] withdrawal since [Appellant has] raised post conviction issues or ineffective [*sic*] issues.

*Id.* (emphasis added). The trial court advised Appellant he had "30 days to file an appeal" from the date of his sentence. *Id.* at 15. The trial court further informed Appellant: "If you can't afford an attorney for that purpose, we'll appoint one for you free of charge…." *Id.* at 15-16.

As discussed, Trial Counsel averred in the PSM that Appellant sought appointment of new counsel to file a PCRA petition claiming Trial Counsel's

ineffectiveness. PSM, 9/20/21, ¶¶ 10-11; *id.* ¶ 8 (stating Appellant "has indicated, through a July 27, 2021 letter to the Public Defender's Office, that he wishes to file for [PCRA] relief"); *accord Lesko*, 15 A.3d at 359 (recognizing an attorney cannot raise a claim of his own ineffectiveness). Thus, the record belies Appellant's unsupported claim that he asked Trial Counsel to file a direct appeal. *Harmon*, 738 A.2d at 1024 (a PCRA petitioner's "[m]ere allegations" that petitioner asked counsel to file an appeal "will not suffice" to satisfy petitioner's burden of proving the claim). Appellant's second and third issues fail because there is no arguable merit to his claim of Trial Counsel's ineffectiveness.

Our review reveals no abuse of discretion by the PCRA court in determining that Appellant raised no genuine issues of material fact and denying Appellant's PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2023