J-S48043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MICHAEL WILLIAMS, | : | |
| Appellant | : | No. 320 EDA 2024 |

Appeal from the PCRA Order Entered December 18, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003416-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MICHAEL WILLIAMS, | : | |
| Appellant | : | No. 321 EDA 2024 |

Appeal from the PCRA Order Entered December 18, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003419-2012

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 20, 2025**

Appellant, Michael Williams, appeals from the post-conviction court's December 18, 2023 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's underlying convictions are not germane to our disposition of his appeal. We glean the following procedural history from the

certified record. On June 9, 2015, a jury convicted Appellant, in two separate but consolidated cases, of burglary (18 Pa.C.S. § 3502(a)), fleeing and attempting to elude a police officer (18 Pa.C.S. § 3733(a)), and conspiracy (18 Pa.C.S. § 903(a)). On August 10, 2015, the trial court sentenced him to an aggregate term of 17 to 34 years' incarceration. Appellant initially failed to file a direct appeal, but his appellate rights were later reinstated via a timely-filed PCRA petition. He appealed from his judgment of sentence *nunc pro tunc* and, after this Court affirmed Appellant's judgment of sentence on November 27, 2017, our Supreme Court denied his petition for allowance of appeal on June 4, 2018. *Commonwealth v. Williams*, 181 A.3d 445 (Pa. Super. 2017), *appeal denied*, 186 A.3d 946 (Pa. 2018).

Appellant then filed a timely, *pro se* PCRA petition on December 26, 2018, raising claims of ineffective assistance of trial counsel and violations of his constitutional rights. Appellant retained counsel, who filed an amended petition on his behalf. On January 21, 2021, the PCRA court dismissed Appellant's petition without a hearing. He did not appeal.

On June 15, 2022, Appellant filed a second, *pro se* PCRA petition, which underlies his instant appeal. Counsel was appointed, and filed an amended petition alleging that Appellant's prior PCRA counsel was ineffective for failing to file an appeal from the denial of his first petition. On November 16, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely. Appellant did not respond and, on December 18, 2023, the court issued an order dismissing his petition.

On January 13, 2024, Appellant filed a timely notice of appeal in each case.[1] Appellant and the court thereafter complied with Pa.R.A.P. 1925. Herein, Appellant raises three issues for our review:

1. Whether the PCRA court erred by dismissing [A]ppellant's petition for post-conviction relief without an evidentiary hearing when [A]ppellant established by clear and convincing evidence that he specifically requested that counsel file [a] direct appeal of the dismissal of his PCRA petition, and that counsel ignored that request.

2. Whether the PCRA court erred by dismissing [A]ppellant's petition for post-conviction relief when [A]ppellant established by clear and convincing evidence that he was denied effective assistance of counsel based on counsel's failure to file a direct appeal.

3. Whether the PCRA court erred by dismissing [A]ppellant's petition for post-conviction relief when [A]ppellant established by clear and convincing evidence that he was denied his constitutional rights under the United States and Pennsylvania Constitutions.

Appellant's Brief at 8.

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

_____

[1] Appellant's notices of appeal listed both docket numbers of his underlying cases. However, when transmitted to this Court, each notice of appeal singled out, with a check mark, one docket number. *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (holding that even though the appellant filed multiple notices of appeal, each listing multiple lower court docket numbers, the appeals should not be quashed because the appellant filed an appropriate number of appeals and he had italicized only one trial court docket number in each notice of appeal). Consequently, this Court assigned a docket number to each notice of appeal and consolidated the appeals *sua sponte* on April 30, 2024.

*Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

Here, Appellant's judgment of sentence became final in September of 2018, after our Supreme Court denied his petition for allowance of appeal in June of that same year. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, for this Court to have jurisdiction to grant Appellant the relief he requests of reinstating his right to appeal from the denial of his first petition, Appellant must plead and prove that he meets one of the timeliness exceptions set forth above.

In this regard, Appellant argues that "an appellant is entitled to relief upon pleading and establishing that his request for [a] direct appeal was ignored or rejected by counsel." Appellant's Brief at 14 (citing *Commonwealth v. Maynard*, 900 A.2d 395 (Pa. Super. 2006)). Appellant insists that the "court should have held an evidentiary hearing to determine whether [A]ppellant requested that counsel file the direct appeal." *Id.* (citation omitted). According to Appellant, "[a]n evidentiary hearing would have provided [A]ppellant with the opportunity to present … documentary evidence[,]" including "email communications between him and prior counsel[,] that definitively proves that [A]ppellant requested counsel file [a]

- 5 -

notice of appeal, counsel's acknowledgment of [A]ppellant's request, and counsel's assurance that the notice of direct appeal would be filed." ***Id.*** at 15. Thus, Appellant concludes that he "is entitled to have this matter remanded to the PCRA court with instructions to conduct an evidentiary hearing…." ***Id.***

No relief is due. Initially, ***Maynard*** involved a ***timely-filed*** PCRA petition in which Maynard claimed that his counsel was ineffective for failing to file an appeal from Maynard's judgment of sentence. ***See Maynard***, 900 A.2d at 397. In contrast, here, Appellant's petition is untimely, and he is seeking reinstatement of his right to appeal from the denial of his prior PCRA petition, not his judgment of sentence. Accordingly, ***Maynard*** is inapplicable.

We recognize that, in ***Bennett***,

> our Supreme Court found that attorney abandonment may constitute a factual basis for the section 9545(b)(1)(ii) timeliness exception. In that case, the appeal from the dismissal of Bennett's first, timely, PCRA petition was dismissed by this Court because counsel failed to file a brief. [***Bennett***,] 930 A.2d at 1266. Bennett filed a second PCRA petition alleging that he had attempted to find out the status of his PCRA appeal, did not learn that it was dismissed due to counsel's failure to file a brief until he received a letter from this Court explaining what had transpired, and filed a new PCRA petition within 60 days of so learning. ***Id.*** at 1274. The PCRA court granted Bennett leave to appeal the dismissal of his first PCRA petition *nunc pro tunc*, but this Court quashed the appeal as untimely. Our Supreme Court reversed this Court, holding that Bennett sufficiently alleged that he had been abandoned by counsel on his first PCRA petition and acted with due diligence in ascertaining the fact of the abandonment to satisfy the timeliness exception of the PCRA found at section 9545(b)(1)(ii). ***Id.*** at 1272.

***Commonwealth v. Huddleston***, 55 A.3d 1217, 1220 (Pa. Super. 2012).

Although **Bennett** provides an avenue by which Appellant's claim **could** meet the timeliness exception of section 9545(b)(1)(ii), Appellant has failed to demonstrate that he has satisfied the requirement of section 9545(b)(2). Specifically, Appellant fails to explain "when he first learned that counsel failed to file an appeal." PCRA Court Opinion (PCO), 2/12/24, at 5. Appellant's first PCRA petition was dismissed on January 21, 2021, and he did not file his *pro se* PCRA petition seeking reinstatement of his right to appeal from that dismissal until June 15, 2022. Thus, well over one year passed from the dismissal of Appellant's first petition and his filing of his instant petition seeking reinstatement of his appeal rights. Without any information regarding when, and how, Appellant discovered that his prior PCRA counsel failed to file an appeal on his behalf, we cannot discern whether he filed his instant petition within one year of that discovery as required by section 9545(b)(2). Accordingly, we are without jurisdiction to examine Appellant's claim that his prior PCRA counsel abandoned him, which he more fully develops in his second issue on appeal.

Finally, we note that in his third appellate issue, Appellant argues that,

[i]n his *pro se* filing, [he] sought additional relief based on the realization of evidence that was not available at trial and could not have become known to him through the exercise of due diligence. The PCRA court completely ignored this filing. Appellant was entitled to review of this *pro se* filing, and the PCRA court's failure to consider the filing constitutes a violation of [A]ppellant's procedural due process rights. The Superior Court should remand this matter to the PCRA court with instructions to provide a decision on the merits of [A]ppellant's *pro se* filing.

Appellant's Brief at 18.

Again, no relief is due, as we discern no error in the court's failing to address Appellant's *pro se* claim that he has discovered exculpatory evidence. In Appellant's *pro se* petition, he cursorily claimed that his trial counsel was ineffective for "fail[ing] to present exculpatory evidence" and that, had it been "properly presented[,]" it would have changed "the outcome of the verdict…." *Pro Se* PCRA Petition, 9/8/21, at 3 (unnumbered). Appellant did not explain at all what this exculpatory evidence is or how he discovered it. Likewise, when Appellant's current PCRA counsel filed an amended petition on Appellant's behalf, he made no mention of exculpatory evidence or develop this claim in any way. Instead, counsel solely argued that Appellant's prior PCRA counsel was ineffective for not filing an appeal on his behalf. Accordingly, we conclude that the PCRA court did not err in declining to consider Appellant's brief mention, in his *pro se* petition, of exculpatory evidence.[2]

_____

[2] Moreover, we recognize that Appellant subsequently filed several *pro se* documents, including another PCRA petition, alleging that he discovered new, exculpatory evidence that certain police officers involved in his case had been engaged in misconduct in other, unrelated cases. However, the PCRA court did not err in declining to consider these filings. Our Supreme Court has expressly prohibited hybrid representation. ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1138-39 (Pa. 1993). Additionally, in ***Commonwealth v. Pursell***, 724 A.2d 293 (Pa. 1999), the Court extended ***Ellis's*** prohibition on hybrid-representation to post-conviction proceedings, declaring that it "will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants." ***Id.*** at 302. Thus, the ***Pursell*** Court found "no basis … to conclude that the PCRA court abused its discretion when it refused to consider the issues raised in [Pursell's] *pro se* pleading." ***Id.*** We conclude that the same is true in the
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2025

---

instant case, and that the PCRA court did not abuse its discretion by not considering Appellant's *pro se* filings after his counsel was appointed.